**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME WILFREDO MONJE-AVILA, | No. 09-73810 |
| Petitioner, | Agency No. A099-616-416 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:     GOODWIN, WALLACE and THOMAS, Circuit Judges.

Petitioner Jaime Wilfredo Monje-Avila, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal and protection under the Convention Against Torture

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, petitioner's
request for oral argument is denied.

(CAT).  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because Monje-Avila failed to show his alleged persecutors threatened him on account of a protected ground.  His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008).  Likewise, perceived wealth is not a protected ground.  *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010); *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

Because the Board properly denied relief for lack of a nexus, we need not address Monje-Avila's contention that he suffered past persecution or has a well-founded fear of future persecution by forces the El Salvadoran government is unable or unwilling to control.

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that Monje-Avila did not establish a likelihood of torture by, at

the instigation of, or with the consent or acquiescence of the El Salvadoran

government.  *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**